IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 08-40452
Summary Calendar

IN THE MATTER OF:  UNITED STATES BRASS CORP.

Debtor

- - - - - - - - - -

HG-CV-TA-ERD LLP; ROCKDALE MOTEL CORP.

Appellants

v.

THE BRASS TRUST

Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-243

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The instant adversary proceeding from the Chapter 11 bankruptcy of the

Debtor, United States Brass Corp., was dismissed by the bankruptcy court on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

summary judgment, which dismissal was affirmed by the district court on appeal. Like the district court, we affirm the judgment of the bankruptcy court that dismissed with prejudice the claims advanced by Appellants in their adversary proceeding.

Reduced to its essentials, Appellants voluntarily elected to pursue their claims against the Debtor under the Alternative Dispute Resolution (ADR) provisions of the plan of reorganization. The ADR provisions that Appellants elected to pursue provide for binding arbitration. The provision that lies at the heart of this matter specifies that claims against the Debtor related to plumbing issues are recoverable in arbitration only to the extent that they are supported by competent evidence of actual, out-of-pocket costs and expenses incurred by claimants in repair or replacement of defective materials manufactured and supplied by the Debtor. In the face of that clear and unambiguous provision, Appellants inexplicably sought recovery not on the basis of invoices, bills, payments, or the like actually expended, but on the basis of old expert estimates of costs and expenses that would be incurred if Appellants had proceeded to cause such work to be done.

The arbitrator correctly focused on this anomaly in the Appellants' case, i.e., electing binding arbitration that could only be successful if the Appellants had submitted evidence of actual payments for repair and replacement, knowing all the while that there had been no such expenditures incurred for which evidence was available. In a ruling that impresses us as obvious, the arbitrator dismissed the claims of Appellants, but bent over backwards to accommodate Appellants by making the dismissal without prejudice and allowing them an opportunity (despite its obvious impossibility) to come back with evidence of actual payments made to repair or replace the defective materials and installations.

That the arbitrator happened to use the term "jurisdictional" in loose reference to the limitations to which Appellants voluntarily submitted in electing binding arbitration under the ADR provision referred to above, does not make the ruling of the arbitrator turn on lack of subject matter jurisdiction, as counsel for Appellants erroneously and unprofessionally insists. On the contrary, the ruling of the arbitrator is, in all respects, a ruling on the merits, and one with which we agree.

Moreover, when the Appellants attempted to obtain a second bite at the apple by filing the adversary proceeding that is the subject of this appeal, the bankruptcy court properly dismissed that untoward effort and favored Appellants with a lengthy, complete, and absolutely correct Memorandum Opinion. On appeal to the district court of the ruling of the bankruptcy court confirming the Arbitration Order and dismissing with prejudice the claims asserted by Appellants in the adversary proceeding, the district court needed few words to affirm the bankruptcy court. We too affirm the rulings and judgment of the bankruptcy court in its entirety and caution counsel for Appellants not to repeat their misrepresentations by referring to the basis of the award of the arbitrator as dismissal for lack of subject matter jurisdiction, which it clearly was not. Like the district court before us, we AFFIRM the Bankruptcy Court's March 30, 2007 Order Granting Partial Summary Judgment and Confirming the Arbitration Award.